UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH LUCERO,<br><br>          Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>Acting Commissioner of<br>Social Security Administration,<br><br>          Defendant. | Case No.: 3:19-cv-00057-LRH-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 10, 11, 19, 22 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff filed this action seeking judicial review of the decision of the Acting Commissioner of Social Security Administration regarding his benefits applications. (ECF No. 6.) At the time, the Acting Commissioner was Nancy A. Berryhill, but now the Acting Commissioner is Andrew Saul. The caption has been amended to reflect this change.

The Acting Commissioner filed a motion to dismiss the complaint, arguing that Plaintiff's request for judicial review of the Acting Commissioner's decision is untimely and equitable tolling is inapplicable. (ECF No. 10.) The Acting Commissioner subsequently filed an amended motion to dismiss and accompanying declaration. (ECF Nos. 11, 11-1.) The Acting Commissioner then filed an errata explaining that the motions to dismiss were based on facts regarding a different Social Security claimant by the same name, and indicated it would file an answer to the complaint. (ECF Nos. 11, 11-1.) The Acting Commissioner did not file a motion to withdraw the motions to

dismiss; however, it appears that the Commissioner concedes the motions should be denied as the arguments asserted do not pertain to this disability claimant. Therefore, the court recommends that the motions to dismiss (ECF Nos. 10, 11) be denied.

Following the filing of the answer, Plaintiff filed his Motion for Reversal and/or Remand. (ECF No. 19.) The Commissioner filed a Cross-Motion to Affirm and Opposition to Plaintiff's Motion to Remand. (ECF Nos. 22, 23.) Plaintiff filed a reply brief. (ECF No. 24.)

After a thorough review, it is recommended that Plaintiff's motion to remand be granted, the Commissioner's cross-motion be denied, and the matter be remanded to the Administrative Law Judge (ALJ) for further review consistent with this Report and Recommendation.

## **I. BACKGROUND**

On or around December 16, 2015, Plaintiff completed applications for disability insurance benefits (DIB) under Title II of the Social Security Act and for supplemental security income (SSI) under Title XVI of the Social Security Act, alleging disability beginning July 1, 2013. (Administrative Record (AR) 214-222.) The applications were denied initially and on reconsideration. (AR 135-138, 142-147.)

Plaintiff requested a hearing before an ALJ. (AR 149.) ALJ Janice Shave held a hearing on January 11, 2018. (AR 35-71 .) Plaintiff, who was represented by counsel, appeared and testified on his own behalf at the hearing. Testimony was also taken from a vocational expert (VE). On April 5, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 14-27.) Plaintiff requested review, and the Appeals Council denied the request, making the ALJ's decision the final decision of the Acting Commissioner. (AR 2-6.)

Plaintiff then commenced this action for judicial review under 42 U.S.C. § 405(g). Plaintiff argues that the ALJ erred when she found, at step four of the sequential evaluation process, that

Plaintiff could perform his past relevant work as an audio technician when Plaintiff had not performed that work at substantial gainful activity levels. The Acting Commissioner, on the other hand, argues that Plaintiff stated in a work history report that he began working as an audio technician in 1996 and was "still a member" (of the stagehand union); therefore, his work as an audio technician from 1996 through 2013 was substantial gainful activity, and as such, qualifies as past relevant work.

## **II. STANDARDS**

**A. Disability Process**

After a claimant files an application for disability benefits, a disability examiner at the state Disability Determination agency, working with a doctor(s), makes the initial decision on the claimant's application. *See* 20 C.F.R. §§ 404.900(a)(1); 416.1400(a)(1). If the agency denies the claim initially, the claimant may request reconsideration of the denial, and the case is sent to a different disability examiner for a new decision. *See* 20 C.F.R. §§ 404.900(a)(2), 416.1400(a)(2). If the agency denies the claim on reconsideration, the claimant may request a hearing and the case is sent to an ALJ who works for the Social Security Administration. *See* 20 C.F.R. §§ 404.900(a)(3), 416.1400(a)(3). The ALJ issues a written decision after the hearing. *See* 20 C.F.R. § 404.900(a)(3). If the ALJ denies the claim, the claimant may request review by the Appeals Council. *See* 20 C.F.R. §§ 404.900(a)(4), 416.1400(a)(4). If the Appeals Council determines there is merit to the claim, it generally remands the case to the ALJ for a new hearing. If the Appeals Council denies review, the claimant can file an action in the United States District Court. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5).

///

**B. Five-Step Evaluation of Disability**

Under the Social Security Act, "disability" is the inability to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A claimant is disabled if his or her physical or mental impairment(s) are so severe as to preclude the claimant from doing not only his or her previous work but also, any other work which exists in the national economy, considering his age, education and work experience. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. 20 C.F.R. §404.1520 and § 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). In the first step, the Commissioner determines whether the claimant is engaged in "substantial gainful activity"; if so, a finding of nondisability is made and the claim is denied. 20 C.F.R. § 404.152(a)(4)(i), (b); § 416.920(a)(4)(i); *Yuckert*, 482 U.S. at 140. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to step two.

The second step requires the Commissioner to determine whether the claimant's impairment or combination of impairments are "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c) and § 416.920(a)(4)(ii), (c); *Yuckert*, 482 U.S. at 140-41. An impairment is severe if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id*. If the claimant has an impairment(s) that is severe, the Commissioner proceeds to step three.

In the third step, the Commissioner looks at a number of specific impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listed Impairments) and determines whether the claimant's impairment(s) meets or is the equivalent of one of the Listed Impairments. 20 C.F.R. § 404.1520(a)(4)(iii), (d) and § 416.920(a)(4)(iii), (d). The Commissioner presumes the Listed

Impairments are severe enough to preclude any gainful activity, regardless of age, education or work experience. 20 C.F.R. § 404.1525(a), § 416.925(a). If the claimant's impairment meets or equals one of the Listed Impairments, and is of sufficient duration, the claimant is conclusively presumed disabled. 20 C.F.R. § 404.1520(a)(4)(iii), (d), § 416.920(a)(4)(iii), (d). If the claimant's impairment is severe, but does not meet or equal one of the Listed Impairments, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv), (e), (f) and § 416.920(a)(4)(iv), (e), (f). Past relevant work is that which a claimant performed in the last 15 years, which lasted long enough for him or her to learn to do it, and was substantial gainful activity. 20 C.F.R. § 404.1565(a) and § 416.920(a).

In making this determination, the Commissioner assesses the claimant's residual functional capacity (RFC) and the physical and mental demands of the work previously performed. *See id.;* 20 C.F.R. § 404.1520(a)(4)(v), § 416.920(a)(4)(v); *see also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). RFC is what the claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545 and § 416.945. In determining the RFC, the Commissioner must assess all evidence, including the claimant's and others' descriptions of the limitation(s), and medical reports, to determine what capacity the claimant has for work despite his or her impairments. 20 C.F.R. § 404.1545(a)(3) and 416.945(a)(3).

A claimant can return to previous work if he or she can perform the "actual functional demands and job duties of a particular pat relevant job" or "[t]he functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy."

*Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation marks and citation omitted).

If the claimant can still do past relevant work, then he or she is not disabled. 20 C.F.R. § 404.1520(f) and § 416.920(f); *see also Berry*, 62 F.3d at 131.

If, however, the claimant cannot perform past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work available in the national economy. 20 C.F.R. §§ 404.1520(e), 416.920(e); *see also Yuckert*, 482 U.S. at 141-42, 144. This means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 528 (9th Cir. 2014). If the claimant cannot do the work he or she did in the past, the Commissioner must consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Yuckert*, 482 U.S. at 141-42. The Commissioner may meet this burden either through the testimony of a VE or by reference to the Grids. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).

If at step five the Commissioner establishes that the claimant can do other work which exists in the national economy, then he or she is not disabled. 20 C.F.R. § 404.1566(b), § 416.966(b). Conversely, if the Commissioner determines the claimant unable to adjust to any other work, the claimant will be found disabled. 20 C.F.R. § 404.1520(g), § 416.920(g); *see also Lockwood*, 616 F.3d at 1071; *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

**C. Judicial Review & Substantial Evidence**

The court must affirm the ALJ's determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Gutierrez*, 740 F.3d at 522 (citing

42 U.S.C. § 405(g)). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 523-24 (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)).

To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision. *Gutierrez*, 740 F.3d at 524 (citing *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)). The court "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). "'The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez*, 740 F.3d at 524 (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)). That being said, "a decision supported by substantial evidence will still be set aside if the ALJ did not apply proper legal standards." *Id.* (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). In addition, the court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

///
///
///
///

### III. DISCUSSION

**A. ALJ's Findings in this Case**

At step one, the ALJ found Plaintiff met the insured status requirements through December 31, 2018. In addition, the ALJ determined that while Plaintiff had worked after the alleged disability onset date, he had not engaged in substantial gainful activity. (AR 19.)

At step two, the ALJ concluded Plaintiff had the following severe impairments: obesity, scoliosis, degenerative disc disease of the lumbar and cervical spine, sleep apnea, and chronic obstructive pulmonary disease. (AR 19.)

At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listed Impairments. (AR 22-23.)

At step four, the ALJ assessed Plaintiff as having the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), except: he could lift a maximum of 20 pounds occasionally and could lift and carry a maximum of 10 pounds frequently; he could stand and walk six hours in an eight-hour workday; he needs to alternate between sitting and standing or walking at approximately 30-minute intervals—changing positions would take one minute with no off-task behavior; he is never able to climb ladders, ropes or scaffolds, or crawl; he is occasionally able to stoop, kneel, and crouch; he is occasionally able to climb stairs with a railing and ramps; he is frequently able to balance; he is never able to walk on uneven surfaces; he must avoid concentrated exposure to extreme cold, unprotected heights, and hazardous or moving machinery. (AR 23-26.)

The ALJ then concluded Plaintiff was able to perform his past relevant work as an audio technician as generally performed. The ALJ determined that this work was performed within 15 years of the date of the decision, for a sufficient length of time to learn and provide average

performance, and at the level of substantial gainful activity. As such, the ALJ found Plaintiff was not disabled from July 1, 2013, through the date of the decision. (AR 26.)

**B. Past Relevant Work & Substantial Gainful Activity**

To reiterate, at step four, past relevant work is considered, and if a claimant can perform past relevant work, he or she will be found not disabled. 20 C.F.R. § 404.1520(e), § 416.920(e). Past relevant work is that which a claimant performed in the last fifteen years, which lasted long enough for him or her to learn to do it, and was substantial gainful activity. 20 C.F.R. § 404.1565(a) and § 416.920(b)(1); *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001).

"Substantial gainful activity is work activity that is both substantial and gainful." 20 C.F.R. § 404.1572. "Substantial work activity is work activity that involves doing significant physical or mental activities." 20 C.F.R. § 404.1572(a). "Gainful work activity is work activity that you do for pay or profit." 20 C.F.R. § 404.1572 (b).

The ALJ identified Plaintiff's past relevant work as: (1) stage technician, Dictionary of Occupational Titles (DOT) 692.261-014; and (2) audio technician, DOT 194.262-010. In comparing Plaintiff's RFC with the physical and mental demands of the past relevant work and VE testimony, the ALJ concluded that Plaintiff could perform his past relevant work as an audio technician as generally performed under the DOT (but not as he actually performed it). (AR 26.)

Plaintiff filled out a work history report that stated he worked as an advanced audio visual technician and was a member of the stagehand union since 1996. (AR 276.) Plaintiff testified that he had done audio visual work his whole adult life (since 1988). Plaintiff also testified, however, that he had previously performed a heavier type of work involving set up and tear down of equipment for shows, and more recently he was only running the equipment and not doing the former type of work. (AR 43-50.) The VE testified regarding Plaintiff's work history that he

previously work as a stage technician (DOT 692.261-014), and *the more recent work* he was performing was as an *audio technician* (DOT 194.262-010). (AR 65.) Therefore, according to the VE's testimony, the work he was performing his entire adult life does not all fall into the audio technician occupation under the DOT.

Plaintiff is correct that the ALJ found at step one that Plaintiff had worked since his alleged disability onset date, but this more recent work activity did not rise to the level of substantial gainful activity. (AR 19.) This contradicts the ALJ's finding at step four that Plaintiff could perform his past relevant work as an audio technician because to be past relevant work it must have been at the substantial gainful activity level. In *Bray v. Commissioner of Social Security Administration,* 554 F.3d 1219, the Ninth Circuit indicated in a footnote that when the ALJ found that the claimant worked as a grocery store clerk for less than 6 months and lost her job and that did not amount to substantial gainful activity, then the ALJ could not consider the claimant's time as a grocery store clerk as past relevant work given that past relevant work must involve substantial gainful activity. *Bray,* 554 F.3d at 1221, n. 1 (citing 20 C.F.R. § 505.1560(b)(1)); *see also Tran v. Astrue*, No. SACV 08-1336-CT, 2009 WL 1043917, at *3 (C.D. Cal. Apr. 16, 2009) ("a step-one conclusion that a job does not amount to 'substantial gainful activity' precludes its use as 'past relevant work' at step four.") (citing *Bray*). Here, the ALJ did not resolve the inconsistency between her findings at steps one and four. As a result, substantial evidence does not support the ALJ's conclusion that Plaintiff's past relevant work included work as an audio technician. Nor did the ALJ make any alternative findings that Plaintiff could perform other work available in significant numbers in the national economy at step five to support a finding of non-disability.

Therefore, this matter should be remanded so that they ALJ may resolve the inconsistency at step four, if possible, or further develop the record and make specific findings as to whether

Plaintiff can perform other work available in significant numbers in the national economy at step five.

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **DENYING** the motion to dismiss (ECF No. 10) and amended motion to dismiss (ECF No. 11);

(2) **GRANTING** Plaintiff's motion (ECF No. 19) and remanding this matter to the ALJ for further review consistent with this Report and Recommendation; and

(3) **DENYING** the Commissioner's cross-motion (ECF No. 22).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 7, 2020.

                                                                          William G. Cobb
                                                                          United States Magistrate Judge